**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vasant Abhyanker,<br><br>             Plaintiff,<br><br>v.<br><br>HumanGood the Terraces Phoenix, et al.,<br><br>             Defendants. | No. CV-24-00044-PHX-SMB<br><br>**ORDER** |

Before the Court is HumanGood the Terraces Phoenix ("HumanGood") and Heather Dobbins' (collectively "Defendants") Motion to Dismiss Plaintiff's, Vasant Abhyanker, Complaint (Doc. 1) for damages and injunctive relief pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a Response (Doc. 14) and Defendants filed a Reply (Doc. 15). Plaintiff requested oral argument (Doc. 14 at 1), but the Court will exercise its discretion to resolve the Motion without oral argument. *See* LRCiv. 7.2(f). For the following reasons, the Court will grant Defendants' Motion without prejudice.

**I.    BACKGROUND**

HumanGood owns and operates a senior living and affordable housing community in Phoenix, Arizona (the "Terraces of Phoenix"). (Doc. 1 at 5 ¶ 14.) Ms. Dobbins is an Intake Manager at the Terraces of Phoenix. (*Id.* ¶ 15.) The Terraces of Phoenix offers luxury short term recovery, assisted living, and active living to seniors. (*Id.* ¶ 16.)

Plaintiff is an eighty-one-year-old man of South Asian and Indian descent. (*Id.* ¶ 13.) On December 21, 2023, Plaintiff had knee replacement surgery and was scheduled

1  for discharge into a skilled nursing facility for one month due to complications from the
2  surgery on January 4, 2024. (*Id.* at 5–6 ¶ 18.) On December 30, 2023, Plaintiff's son spoke
3  with the weekend intake specialist at the Terraces of Phoenix, who indicated there were
4  spaces available for new residents, subject to Ms. Dobbins' approval. (*Id.* at 6 ¶ 19.)

5        Plaintiff's son sent over insurance information and other paperwork for the transfer
6  to the Terraces of Phoenix that same day. (*Id.* ¶ 21.) On January 4, 2024, Ms. Dobbins
7  informed Plaintiff that they had not processed the paperwork and misplaced it. (*Id.* ¶ 22.)
8  Ms. Dobbins also informed Plaintiff that there were no beds available for him after his
9  discharge from the surgery. (*Id.* ¶ 23.) Plaintiff alleges that his son then went to the Terrace
10 of Phoenix. (*Id.* ¶ 24.) When he was there, the son claims that he saw available beds but
11 that Ms. Dobbins told him that Plaintiff was capable of walking and his condition was such
12 that they could not accept him. (*Id.* ¶¶ 25–27.) The son also claims to have only observed
13 residents "that appeared to be white, with no visible presence of color." (*Id.* at 7 ¶ 31.)
14 Ms. Dobbins suggested that Plaintiff pay for the stay out-of-pocket but expressed concerns
15 about his ability to avoid their services. (*Id.* at 6–7 ¶ 28.) Plaintiff's son claims he accepted
16 the offer, but that Ms. Dobbins said they could accept him because "he would not be a good
17 fit." (*Id.* at 7 ¶ 30.) After his discharge, Plaintiff went to another care facility but left the
18 within a couple hours because he was concerned of contracting an illness from other
19 patients in his room. (*Id.* at 7–8 ¶¶ 36–37.)

20       Plaintiff filed his Complaint the following day, January 5, 2024. (Doc. 1.) Plaintiff
21 alleges that Defendants discriminated against him, thus violating Title II of the Civil Rights
22 Act of 1964 (Count One) and Arizona Revised Statute § 41-1442 (Count 2). (*Id.* at 8–10
23 ¶¶ 39–54.) Plaintiff claims he suffered harm, including emotional distress, humiliation,
24 and costs, entitling him compensatory and punitive damages and injunctive relief on both
25 claims. (*Id.* at 10–11 ¶¶ 55–57.) Defendants' Motion to Dismissed followed, asserting
26 Plaintiff failed to meet 42 U.S.C. § 2000a-3(c)'s procedural requirements, failed to state a
27 claim under Federal Rule of Civil Procedure 12(b)(6), and his claims lacks subject matter
28 jurisdiction under Rule 12(b)(1). (Doc. 13.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332(a). It is a plaintiff's burden to prove jurisdiction exists. *Kokkonen*, 511 U.S. at 377. In reviewing the Complaint, all allegations are accepted as true and construed in the plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, if the Court determines at any point that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Title II Claim (Count One)

Defendants argue that Plaintiff failed to notify the Arizona Civil Rights Division ("ACRD") of the alleged discrimination under Count One before filing suit, which they claim is a prerequisite for federal jurisdiction. (Doc. 14 at 5–6.) Title II prohibits discrimination based on "race, color, religion, or national origin" in "place[s] of public accommodation. 42 U.S.C. § 2000a(a); *see also* 42 U.S.C. §§ 2000a-2, 2000a-3(a). There are, however, jurisdictional prerequisites to brining a Title II claim in federal court. *See Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL, 2021 WL 3912853, at *3 (D. Ariz. Sept. 1, 2021). Of these prerequisites, 42 U.S.C. § 2000a-3(c) provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State . . . which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or

>seek relief from such practice . . . upon receiving notice thereof, *no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person*, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

(Emphasis added.) *See also* 42 U.S.C. § 2000a-6(a).

The acts giving rise to the claim occurred in Arizona, and as Plaintiff alleges in Count 2, the Arizona Civil Rights Act prohibits "[d]iscrimination in places of public accommodation against any person because of race, color, religion, sex, national origin or ancestry." Ariz. Rev. Stat. § 42-1442(A); *see also Dawson v. Superior Court*, 786 P.2d 1074, 1075–76 (Ariz. Ct. App. 1990) (noting "the Arizona Legislature intended to accomplish the same objectives on the state level as those on the federal level"). The Arizona Legislature tasked ACRD with reviewing alleged violations of Arizona Revised Statute § 42-1442. *See* Ariz. Rev. Stat. § 42-1471(A) (requiring in part filing the alleged claim with ACRD "within one hundred eighty days from the date of the alleged practice or act"). Therefore, 42 U.S.C. § 2000a-3(c) required Plaintiff to file his claims for alleged discrimination with ACRD at least thirty days before filing suit.

Plaintiff filed the Complaint on January 5, 2024. (Doc. 1.) Plaintiff admitted that he did not file anything with ACRD until January 29, 2024, when his counsel filed a "Civil Rights Intake Questionnaire." (Docs. 14 at 7; 14-1 at 2 ¶ 7.) Thus, Plaintiff failed to provide the requisite thirty-day notice to ACRD before filing suit in this Court. Plaintiff attempts to argue he made a "good-faith" attempt to notify ACRD but that it fails "to provide a transparent, organized, and responsive protocol for handling such notices," and the notice requirement imposes an unnecessary burden on the Court. (Doc. 14 at 6–12.) To Plaintiff's point on ACRD handling the claims, 42 U.S.C. § 2000a-3(c) only requires notice thirty days before filing suit—it does not require ACRD to conduct its full review.

Plaintiff does not provide any authority to support most of his arguments to overcome the plain language of 42 U.S.C. § 2000a-3(c). Plaintiff's only support is in citing to *Robinson v. Power Pizza, Inc. Robinson v. Power Pizza, Inc.*, 993 F. Supp. 1458, 1461

(M.D. Fla. 1998) for the proposition that notice is not required. The court in *Robinson* based its ruling that notice was not required because of an urgency underlying the case and the Florida Commission on Human Relations did not have authority to temporarily enjoin the defendant's alleged discriminatory conduct. 993 F. Supp. at 1460–61; *but see Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1360 (S.D. Fla. 2001) (distinguishing from the urgency in *Robinson* to require notice). Notably, a magistrate judge in Florida opined "*Robinson*'s holding seems to be at odds with the text of § 2000a-3(c)." *Zinman v. Nova Se. Univ., Inc.*, No. 21-CV-60723, 2021 WL 4025722, at *6 n.10 (S.D. Fla. Aug. 30, 2021), *report and recommendation adopted*, No. 21-CIV-60723-RAR, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), *aff'd*, No. 21-13476, 2023 WL 2669904 (11th Cir. Mar. 29, 2023). To the extent *Robinson* is not persuasive as the facts are significantly different than those alleged here and it is not binding authority on this Court. Plaintiff does not seek temporary relief and the same urgency concerns do not exist here. Plaintiff initially sought to stay at the Terrace of Phoenix for one month over eight months ago and does not allege a need for ongoing care related to his surgery. Therefore, the Court declines to adopt the *Robinson* court's reasoning.

At the time Plaintiff filed his Complaint, he did not comply with Title II's notice requirements. For this reason, the Court lacks subject matter jurisdiction to hear the Title II claim. *See Kelly v. Fleetwood Enters.*, Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) (concluding where a district court lacks subject matter jurisdiction, it is inappropriate to address claims not properly before the court and they "should [be] dismissed"). Thus, the Court will dismiss Count One and is without jurisdiction to address the merits of Defendants' Rule 12(b)(6) arguments.

**B.  Arizona Revised Statute § 42-1442**

Plaintiff asserted the Court has supplemental jurisdiction over Count Two because they are related to the federal claims and form part of the same case or controversy under 28 U.S.C. § 1367. (Doc. 1 at 4 ¶ 10.) With the dismissal of the federal law claim providing for federal question jurisdiction, the Court declines to exercise supplemental jurisdiction

over the state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it had original jurisdiction . . . ."); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."). Thus, the Court will dismiss Count Two for lack of subject matter jurisdiction.

### IV. CONCLUSION

The Court finds that it lacks subject matter jurisdiction and therefore has no jurisdiction to address the Rule 12(b)(6) issues. Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss the Complaint. (Doc. 13.)

**IT IS FURTHER ORDERED** dismissing without prejudice Counts One and Two.

**IT IS FURTHER ORDERED** directing the Clerk to terminate this case.

Dated this 29th day of August, 2024.

Honorable Susan M. Brnovich
United States District Judge